# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2021

Lyle W. Cayce
Clerk

No. 21-30384
Summary Calendar

DARREN J. SCIONEAUX,

*Plaintiff—Appellant*,

*versus*

SOUTHEASTERN GROCERS, L.L.C., DOING BUSINESS AS WINN-DIXIE STORES, INCORPORATED; WINN-DIXIE MONTGOMERY, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-5444

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Plaintiff, Darren Scioneaux, worked as a store director at Winn-Dixie. Scioneaux suffered from a degenerative disease in his shoulders, and in 2016 he took a leave of absence from work so that he could undergo corrective

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

surgery. Following the procedure, Scioneaux's doctor faxed a medical release to Winn-Dixie that permanently restricted Scioneaux from lifting items over 20 pounds. Winn-Dixie explained that it could not accommodate this restriction without gutting one of Scioneaux's essential job functions. Scioneaux's employment was later terminated, and Scioneaux sued Winn-Dixie under Louisiana law for failure to accommodate and discriminatory discharge. The district court, sitting in diversity, granted summary judgment for Winn-Dixie. Scioneaux now appeals.

We agree with the district court's well-reasoned opinion. To succeed on his claims, Scioneaux must show that he can, with a "reasonable accommodation," perform the "essential functions" of store director. *See* La. Rev. Stat. §§ 23:323; 23:322(8). And Scioneaux's supervisor attests that those essential functions include lifting items up to 80 pounds—a weight far greater than Scioneaux can manage. We must defer to the employer's judgment on what constitutes an essential function, but we "should . . . evaluate the employer's words alongside its policies and practices." *Credeur v. Louisiana Through Office of Att'y Gen.*, 860 F.3d 785, 792–94 (5th Cir. 2017). Scioneaux says look at practice—before his surgery, Scioneaux often delegated his lifting duties to other workers, which suggests that these duties were not essential functions of *his* job. But according to his supervisor, Winn-Dixie did not know that Scioneaux was delegating his duties; had it known, it would not have approved.

What's more, the only accommodation that Scioneaux has identified is for Winn-Dixie to allow him to delegate his lifting duties. But as a matter of law, it is not a reasonable accommodation to delegate an employee's essential functions to other workers. *See Burch v. City of Nacogdoches*, 174 F.3d 615, 621 (5th Cir. 1999).

We thus affirm the judgment.